# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE PENALOZA-PARAMO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Crim. Case No. 4:10-cr-00073-BLW<br>Civ. Case No. 4:15-cv-00501-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Jose Penaloza-Paramo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) Also pending is Penaloza-Paramo's Motion to Dismiss (Civ. Dkt. 23). Having now reviewed and considered the motions, the Court enters the following Order granting the Government's Motion to Dismiss and dismissing the § 2255 Petition.

## BACKGROUND

Penaloza-Paramo was charged by superseding indictment with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and ten counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 842(a)(1) and 18 U.S.C. § 2. (Docket No. 84). The Petitioner originally pled guilty to count twenty-three, and was sentenced. However, the case was remanded by the Ninth Circuit Court of Appeals. (Crim. Dkt. 385). Penaloza-Paramo subsequently entered

MEMORANDUM DECISION AND ORDER - 1

into an identical plea agreement. (Crim. Dkt. 365.). The case proceeded to change of plea and sentencing on May 29, 2013. (Crim. Dkt. 385). The Court then sentenced Penaloza-Paramo to 240 months in prison. (Crim. Dkt. 385).

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In order to proceed on a § 2255 motion, the movant must make "*specific factual allegations* that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citation omitted) (emphasis added). "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

# ANALYSIS

Penaloza-Paramo alleges ineffective assistance of counsel. The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id*. For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Whether or not counsel's performance was deficient is irrelevant if there was no prejudice as both of Strickland's prongs must be met to be entitled to relief. In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697.

As recently reiterated by the Supreme Court, a defendant's right to effective assistance of counsel has long been held to apply to the plea process. *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The same *Strickland* standard applies to claims of ineffective assistance of counsel at the plea stage. *Hill*, 474 U.S. at 58. Here, Penaloza-Paramo makes several different ineffective assistance of counsel arguments relating to many of the counts against him. The Court will address each of the arguments below.

Penaloza-Paramo first argues ineffective assistance of counsel for failure to explain appropriately the consequences of signing a plea agreement. But Petitioner's argument is conclusory, stating only that his attorney should have better explained the plea agreement. A petitioner, "must make specific factual allegations which, if true,

would entitle him to relief on his claim." *United States v. Keller*, 902 F2d 1391, 1395 (9th Cir. 1990). Conclusory statements are insufficient. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Accordingly, this argument fails.

Penaloza-Paramo also argues that counsel failed to challenge the unreliable estimate of actual drugs instead of mixture, failed to object to the two level enhancement for role in the offense, failed to object to Penaloza-Paramo being categorized as a leader (role in the offense), and failed to present mitigating evidence at sentencing including post-offense rehabilitative efforts and sentencing disparity. The record indicates otherwise.

Penaloza-Paramo's counsel raised all these objections prior to and at sentencing. (Crim. Dkt. 385, pp. 30-35). Although unsuccessful, the success of objections has no bearing on Petitioner's motion. The question is whether counsel's performance fell within the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690. There is no evidence that it did not, and the argument fails.

Penaloza-Paramo next argues ineffective assistance of counsel for failure to object to use of drugs found at the Petitioner's residence in calculating guidelines. However, the Petitioner admitted to possession of these drugs in his plea agreement. (Crim. Dkt. 365). Accordingly, this argument also fails.

Penaloza-Paramo next argues ineffective assistance for failure to object to the PSR reference to minor children being present during the offense. Petitioner suggests this increased the sentence he received. However, Penaloza-Paramo points to nothing in the

record supporting this conclusory argument. To succeed on a claim of ineffective assistance, a petitioner must show actual prejudice. *Strickland*, 466 U.S. 694. There is no indication that counsel's failure to object to references to minor children in the PSR had any effect on the Petitioner's sentence, and thus, there is no prejudice shown.

Finally, after filing his petition, Penaloza-Paramo recently filed a motion to dismiss that petition without prejudice. An incarcerated defendant may file only one § 2255 motion within one year from the date his conviction is final. 28 U.S.C. § 2255(f). Penaloza-Paramo's original motion, addressed by the Court above, is his one such motion. If Penaloza-Paramo seeks to re-file it, it will be treated as a second or successive motion. 28 U.S.C. § 2255(h). Penaloza-Paramo will then be in a substantially different position than he is currently in – he will have been prejudiced by the dismissal. Thus, dismissal cannot be "without prejudice," as Penaloza-Paramo requests. The statute does not allow that.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2)

whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006). After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) is **DENIED**.

2. Petitioner's Motion to Dismiss Without Prejudice is **DENIED**.

3. No certificate of appealability shall issue. Penaloza-Paramo is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Penaloza-Paramo files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together

with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: August 22, 2018

B. Lynn Winmill
Chief U.S. District Court Judge